UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN J. KANIADAKIS,

    Plaintiff,

v.

THE EXECUTIVE BOARD OF
DIRECTORS, SAP SE, Inc., Concur
Technologies, Inc., et al. and THE
EXECUTIVE BOARD OF DIRECTORS,
Verizon Communications, Inc., AOL, Inc.,
TechCrunch, Inc., et al.

    Defendants.

Case No.: 8:17-cv-419-EAK-TBM

## ORDER

This cause is before the Court upon (1) Defendants Verizon Communications Inc.'s ("Verizon"), AOL Inc.'s ("AOL"), and TechCrunch, Inc.'s ("TechCrunch") Dispositive Motion to Dismiss Second Amended Complaint (Doc. No. 102), (2) Defendants SAP SE, Inc.'s ("SAP") and Concur Technologies, Inc.'s ("Concur") Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction and Failure to State a Claim (Doc. No. 103) (collectively, "Motions to Dismiss"), and (3) Plaintiff's Motion for Leave to Amend (Doc. No. 104) ("Motion to Amend"). For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED**, Plaintiff's Motion to Amend is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

**I.**     **Background**

Plaintiff commenced this action by filing a 156-page, 282-paragraph complaint against Defendants on February 21, 2017, alleging, among other things, that Defendants infringed his "CALLnDR CALL" trademark in violation of federal and Florida law. *See*

Case No.: 8:17-cv-419-EAK-TBM

*generally* (Doc. No. 1) ("Original Complaint"). Attached to the Original Complaint were 26 exhibits, totaling an additional 191 pages. The Court dismissed Plaintiff's Original Complaint, which consisted of a "sprawling and voluminous 'kitchen sink' of allegations," for failing to comply with the requirements of Rule 8. *See* (Doc. No. 34, at 2); Fed. R. Civ. P. 8(a). The Court's dismissal was without prejudice to Plaintiff's right to file an amended complaint consistent with terms of the Court's order within 30 days. *See* (Doc. No. 34, at 3–4). In its order, the Court specifically instructed that, in amending his Original Complaint, Plaintiff should adhere to the pleading requirements of Rule 8(a)(2), refrain from violating the rule against "shotgun pleadings," and, if necessary, utilize the free resources offered to *pro se* litigants through the Tampa Bay Chapter of the Federal Bar Association's Legal Information Program. *See* (Doc. No. 34, at 2–3).

On June 27, 2017, Plaintiff filed an amended complaint against Defendants. *See* (Doc. No. 53) ("Amended Complaint"). However, Plaintiff's Amended Complaint suffered from the same pleading defects that plagued his Original Complaint. Specifically, as opposed to substantively streamlining his allegations, Plaintiff merely "reduced the font size and widened the margins," added an additional thirteen paragraphs, failed for the second time to include a "short and plain statement" of his claims against Defendants, and, again, violated the rule against "shotgun pleadings." *See* (Doc. 95, at 4). Accordingly, the Court dismissed Plaintiff's Amended Complaint.[1] *See* (Doc. No. 95, at 7). The dismissal likewise was without prejudice to Plaintiff's right to file a *second*

---

[1] Additionally, the Court reminded Plaintiff for the second time of the free services offered by the Tampa Bay Chapter of the Federal Bar Association's Legal Information Program. *See* (Doc. No. 95, at 5 n.1).

2

Case No.:  8:17-cv-419-EAK-TBM

amended complaint consistent with the Court's order within 30 days.  *See* (Doc. No. 95, at 7).

Plaintiff timely filed his operative, Second Amended Complaint on October 16, 2017.  *See* (Doc. No. 100) ("Operative Complaint").  Plaintiff's Operative Complaint runs nearly 30 pages, includes 116 paragraphs,[2] and incorporates by reference the 191 pages of exhibits attached to his Original Complaint.  Plaintiff continues to allege that Defendants have violated federal and Florida law by infringing on his "CALLnDR CALL" trademark and requests that the Court, among other things, (1) permanently enjoin Defendants from "all acts of trademark infringement and unfair competition" and (2) award him past and future royalties and actual, treble, and punitive damages amounting to "not more than **$1,000,000.00** per trademark per type of good sold or distributed."  *See* (Doc. 100, at ¶¶1–15) (emphasis in original).  All five Defendants have moved to dismiss Plaintiff's Operative Complaint, arguing (among other points)[3] that Plaintiff has still failed to state a

---

[2]  The paragraphs in Plaintiff's Operative Complaint are numbered 1 through 184, but it appears that paragraphs 81 through 149 are omitted.  *See generally* (Doc. No. 100).

[3]  All Defendants assert that Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for failure to sufficiently allege bases supporting personal jurisdiction over them.  *See generally* Motions to Dismiss.  Before addressing the issue of personal jurisdiction (both general and specific), however, the Court must first determine "whether the allegations of the complaint state a cause of action."  *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 808, n.9 (11th Cir. 2010).  As explained more fully herein, they do not.  That being the case, the Court will not assess the sufficiency of Plaintiff's allegations of personal jurisdiction over Defendants.  *See* (Doc. No. 100, ¶¶8–19).  Additionally, Defendants AOL and TechCrunch, pursuant to Federal Rule of Civil Procedure 12(b)(5), assert that Plaintiff's complaint should be dismissed on the additional ground that Plaintiff failed to sufficiently serve them with process.  *See* (Doc. 102, at 23–24).  For similar reasons, the Court will not address those arguments.  *See Martinez v. Deutsche Bank Nat. Tr. Co.*, No. 5:11-CV-580-OC-10TBS, 2012 WL 162360, at *2 (M.D. Fla. Jan. 19, 2012) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied.") (quoting *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)); *see also Watkins v. United States*, No. 14-60354-CIV,

claim upon which relief can be granted.  *See generally* Motions to Dismiss; Fed. R. Civ. P. 12(b)(6).  Defendants further contend that the Plaintiff's factual allegations are "incoherent," "vague," *see* (Doc. No. 103, at 1), and often "incomprehensible," *see* (Doc. No. 102, at 1), such that dismissal is appropriate.  Plaintiff, of course, opposes Defendants' Motions to Dismiss, *see* (Doc. No. 113)[4], and also seeks leave to further amend his Complaint, *see* (Doc. No. 104)[5].  Defendants' Motions to Dismiss and Plaintiff's Motion to Amend are fully briefed and ripe for decision.  For the reasons explained below, this Court agrees with Defendant as to the insufficiency of Plaintiff's Operative Complaint and rejects Plaintiff's request for a *fourth* bite at the apple.

## II.   Discussion

### A. Defendants' Motions to Dismiss

#### 1. Legal Standard

To withstand a Rule 12(b)(6) dismissal motion, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  A complaint, therefore, must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

2014 WL 11380940, at *1 (S.D. Fla. July 25, 2014), *aff'd sub nom. Watkins v. U.S. Postal Employee*, 611 F. App'x 549 (11th Cir. 2015) (unpublished) (dismissing *pro se* plaintiff's complaint for failure to state a plausible claim for relief, although the defendant also moved pursuant to Rule 12(b)(5) for insufficient service of process).

[4] Plaintiff was given permission to supplement his opposition, *see* (Doc. No. 116), which the Court, to the best of its ability, has reviewed and considered in ruling on Defendants' Motions to Dismiss.

[5] Plaintiff was also given permission to supplement his Motion to Amend, *see* (Doc. No. 105), which, to the best of its ability, the Court has reviewed and considered in ruling on that motion.

its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (alterations, citations, and internal quotations omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557 (alteration in original)).

"A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove the necessary facts." *Kinlock v. Wells Fargo Bank, N.A.,* No. 15-60282-CIV, 2015 WL 3874727, at *2 (S.D. Fla. June 23, 2015) (unpublished), *aff'd,* 636 F. App'x 785 (11th Cir. 2016) (citing *Twombly,* 550 U.S. at 555–56). "Nonetheless, a court may grant a motion to dismiss when, 'on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Id.* (quoting *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993)). And while "*pro se* pleadings are held to a less stringent standard . . . and [are] liberally construed," *Boxer X v. Harris,* 437 F.3d 1107, 1110 (11th Cir. 2006), "*a pro se litigant is expected to follow the procedural rules,*" *Fontaine v. JPMorgan Chase Bank, N.A.,* No. 3:15-CV-193-J-34PDB, 2016 WL 111575, at *3 (M.D. Fla. Jan. 11, 2016) (unpublished) (emphasis added). To that end, "a *pro se* complaint fails to satisfy Rule 8 and may be dismissed where it includes general allegations not relevant to each count, unnecessary evidence, and legal arguments." *Id.*; *see also, e.g., Chevy Chase Bank, F.S.B. v. Carrington,* No. 6:09-cv-2132-Orl-31GJK, 2010 WL 745771, at *4 (M.D. Fla. Mar.

1, 2010) (unpublished) (dismissing claims "consisting of lengthy legal arguments, case citations, and quotations from treatises—material proper in a legal memoranda, but almost never proper in a complaint"); *Dismuke v. Univ. of S. Fla. Bd. of Trs.*, No. 8:05-cv-340-T-17-TBM, 2006 WL 166547, at *2 (M.D. Fla. Jan. 23, 2006) (unpublished) (finding complaint failed to comply with Rules 8 and 10 because it consisted "of unnecessary evidentiary details and unsupported conclusions of law"). And indeed, when presented with such a situation, a court is not "required to comb through an incomprehensible pleading in order to cobble together a claim on Plaintiff's behalf," *Gold v. Geo Grp. Inc.*, No. 2:16-CV-73-FTM-29MRM, 2016 WL 7034404, at *2 (M.D. Fla. Dec. 2, 2016) (unpublished), and it is *prohibited* from "rewrit[ing] a deficient pleading for a party or otherwise serv[ing] as his de facto counsel," *Fontaine*, 2016 WL 111575, at *3 (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662); *see also Pliler v. Ford*, 542 U.S. 225, 226 (2004) ("[F]ederal district judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

### 2. Analysis

This is now Plaintiff's *third* attempt at fashioning a viable complaint. And although not short on words, Plaintiff's third rendition remains fatally short on specifics, fails once again to present a concise statement of Plaintiff's claims as required by Rule 8 and the well-established *Twombly-Iqbal* plausibility standard, and, just like its predecessors, amounts to an impermissible "shotgun" pleading.

Case No.:  8:17-cv-419-EAK-TBM

With the help of Defendants' briefings, the Court understands that Plaintiff's claims apparently arise out of a presentation delivered by Concur[6] engineers at a May 2015 software programming event held in New York City, which was hosted by TechCrunch[7]. *See* (Doc. No. 102, at 2–3; Doc. No. 103, at 7).  The Concur engineers were presenting an experimental software application that "check[ed] meetings set in an Outlook calendar, retrieve[d] the meeting conference call numbers[,] and then automatically connect[ed] the person to that conference by way of a forwarded call."  *See* (Doc. No. 100, at "Exhibit Y").  The engineers named the project "Calendar Call."  *See* (Doc. No. 102, at 3; Doc. No. 103, at 7).  TechCrunch recorded the presentation and uploaded the video on its website.  *See* (Doc. No. 102, at 3; Doc. No. 103, at 7).  The crux of Plaintiff's allegations is that these actions by Defendants wrongfully infringed on his "CALLnDR CALL" trademark in violation of federal and Florida law.  *See generally* (Doc. No. 100).

Specifically, upon tedious review of the allegations contained in his Operative Complaint, Plaintiff seems to assert five causes of action, all of which are ostensibly aimed at each of the five Defendants: (1) federal trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*; (2) unfair competition under the Lanham Act; (3) trademark infringement under Florida common law; (4) unfair competition under Florida common law; and (5) unfair competition, unfair business practices, bad faith, unlawful acts, and other bad acts under 17 U.S.C. § 512(f)(2) (also known as the "Digital Millennium Copyright Act," or "DMCA").  *See* (Doc. 100, at ¶¶151–184).  As pointed out by Defendants, however, these claims can be grouped into two main categories: (1) federal

---

[6] Defendant SAP is the parent company of Concur.

[7] TechCrunch is owned by AOL, a subsidiary of Verizon.

7

statutory and Florida common law trademark infringement and unfair competition claims, see *Turner Greenberg Assocs., Inc. v. C & C Imports, Inc.*, 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004), *aff'd,* 128 F. App'x 755 (11th Cir. 2005) ("The legal standard for unfair competition . . . and trademark infringement under both the Lanham Act and common law has been held to be essentially the same . . .. For this reason, courts have conducted the analysis of these claims simultaneously.") (internal citations omitted) ; and (2) a Digital Millennium Copyright Act claim.  The Court will address each in turn.

### i. Trademark Infringement and Unfair Competition

To successfully make out a claim for trademark infringement and/or unfair competition (under both federal statutory and Florida common law), Plaintiff must sufficiently allege that: (1) he has a valid mark; (2) Defendants, without authorization, used the mark in commerce in connection with the sale or advertising of goods or services; and (3) Defendants used the mark in a manner likely to confuse consumers. *See North Am. Med. Corp. v. Axiom Worldwide, Inc.,* 522 F.3d 1211, 1218 (11th Cir. 2008).  Plaintiff's Operative Complaint falls far short of adequately pleading these elements.

As to the first element, the Court, assuming the veracity of Plaintiff's allegations, *Iqbal,* 556 U.S. at 679, finds that Plaintiff has sufficiently alleged ownership over the "CALLnDR CALL" trademark.  *See* (Doc. No. 100, at ¶28, "Exhibit A").  However, the remaining portions of Plaintiff's disjointed and largely incoherent ramblings fail to sufficiently allege that Defendants used Plaintiff's "CALLnDR CALL" mark in commerce in connection with the sale or advertising of goods or services, or that any such use is likely to cause consumer confusion.  To be sure, from what the Court can make of the

allegations in his Operative Complaint, Plaintiff pleads no such sales or advertising.  And, in fact, as evidenced in the exhibits attached to Plaintiff's Original Complaint, Defendants have informed Plaintiff that they are "not marketing or selling a product or service named 'Calendar Call' and do[] not intend to make use of Calendar Call for any product or feature . . .."  *See* (Doc. No. 100, at "Exhibit G").  Further, Plaintiff's allegations with respect to consumer confusion fare no better.  To the extent they are even understandable, allegations such as "Defendants' *'relatedness of the products are sufficient confusingly similar'* to the Plaintiff's . . .[,]" *see* (Doc. No. 100, at ¶69) (emphasis in original), and "[t]he names are in confusingly similar name and very similar relatedness of the products has a likelihood of causing confusion . . .[,]" *see* (Doc. No. 100, at ¶70), are exactly the kind of "threadbare recitals" and "conclusory statements" prohibited by *Iqbal*.  556 U.S. at 678.  Thus, Plaintiff has failed to make out the necessary third element of his trademark infringement and unfair competition claims.

For these reasons, Defendants' Motions to Dismiss are granted as to *all* of Plaintiff's trademark infringement and unfair competition claims, and those claims are dismissed.

### ii. Digital Millennium Copyright Act (DMCA)

The Court has attempted to fairly evaluate Plaintiff's claims under the DMCA, but, regrettably, the factual allegations contained within this count are, as Defendants argue, "almost entirely incomprehensible."  *See* (Doc. No. 103, at 19).  But even if Plaintiff's allegations under the DMCA were, in fact, capable of assessment—they are not—"[b]y its express terms . . . *the DMCA applies only to copyrights, not trademarks.*"  *Williams v. Life's Rad*, No. C 10-0086 SBA, 2010 WL 5481762, at *3 (N.D. Cal. May 12, 2010)

(unreported) (emphasis added) (citing *Twelve Inches Around Corp. v. Cisco Sys., Inc.*, 2009 WL 928077 at *3 (S.D.N.Y., March 12.2009)) (unreported) (ruling that Title II of the DCMA does not apply in trademark infringement actions). Although Plaintiff claims that Defendants have infringed on his "CALLnDR CALL" *trademark*, Plaintiff has not alleged that he owns a valid *copyright* nor that Defendants have wrongfully infringed on the same.[8] For this reason alone, Defendants' Motions to Dismiss are granted as to Plaintiff's claims under the DMCA, and those claims are dismissed.

### iii. Shotgun Pleading

Ignoring this Court's repeated warnings against "shotgun pleadings," *see* (Doc. Nos. 34, 95), Plaintiff's Operative Complaint, like its predecessors, remains a prototypical "shotgun pleading." For this additional reason, Plaintiff's Operative Complaint is due to be dismissed.

Indeed, Plaintiff's Operative Complaint "is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that" he is claiming. *Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997). The five counts it presents follow eighty-one numbered paragraphs of factual allegations, many of which are vague, irrelevant, and unintelligible. Vis-à-vis the first paragraph of the "**ALL CHARGES OF TRADEMARK INFRINGEMENT AND ALL OTHER ACTS AGAINST NAMED DEFENDANTS (ALL IF NOT NAMED)**" section of his Operative Complaint, Plaintiff improperly incorporates by

---

[8] *See* Rashida Y.V. MacMurray, *Trademarks or Copyrights: Which Intellectual Property Right Affords Its Owner the Greatest Protection of Architectural Ingenuity?*, 3 Nw. J. Tech. & Intell. Prop. 111, 112 (2005) ("A copyright is not a trademark and a trademark is not a copyright. Although both trademarks and copyrights concern intangible property rights and overlap in some aspects, there are also significant differences between copyrights and trademarks.")

reference all eighty-one paragraphs of factual allegations into each of the five counts he alleges against Defendants, although many of the factual allegations appear to relate to only some of the counts, or, in some instances, to none of them. *See* (Doc. No. 100, at ¶151) (emphasis in original). Thus, Plaintiff has again forced the Court to "speculate as to which factual allegations pertain to which count." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 at n.9 (11th Cir. 1997). Moreover, Plaintiff continues to indiscriminately levy all of his claims against each Defendant "without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants [each claim] is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).

Further, Plaintiff has again included "factual allegations that could not possibly be material to any of the causes of actions [he] asserts." *Pelletier v. Zweifel,* 921 F.2d 1465, 1518 (11th Cir. 1991); *see, e.g.,* (Doc. No. 100, at ¶ 24) (referring to unrelated patent and trademark allegedly owned by Plaintiff); (Doc. No. 100, at ¶ 31) ("The 'Calendar Call and Callendar Call' are claimed by common law rights by Plaintiff Kaniadakis, which could be evidenced in many publications."); (Doc. No. 100, at ¶ 54) ("Defendants' VERIZON, *et al.* allegations *viz.* 'AOL' as '*publishers*' and alleged such single online cyber act sort of invoke their claim on a basis of their freedom of press and immunity to **["]…constitute…["] ]…["]News Coverage["]**.") (emphasis in original); (Doc. No. 100, at ¶ 77) ("SAP were setting the stage for VERIZON to potentially become culpable participants in a plan to further act against the law, beyond merits of trademark infringement concerns, and to violate the U.S. Copyright Act **17 U.S.C. § 512 (f) (2)**.") (emphasis in original).

Case No.:  8:17-cv-419-EAK-TBM

### B. Plaintiff's Motion to Amend

#### 1. Legal Standard

Having found that all of Plaintiff's claims against Defendants are due to be dismissed, the only issue that remains is whether the Court should grant Plaintiff yet another opportunity to amend. Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Alabama Court of Criminal Appeals,* 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam). In denying a timely filed motion for leave to amend, a court must provide substantial justification for its decision. *Id*. "A court has substantial justification to deny a timely motion for leave to amend if it finds . . . there has been . . . repeated failure to cure deficiencies by amendments previously allowed . . . ." *Bostick v. McGuire*, No. 615CV1533ORL37GJK, 2016 WL 2811246, at *2 (M.D. Fla. Apr. 20, 2016), *report and recommendation adopted*, No. 615CV1533ORL37GJK, 2016 WL 2759114 (M.D. Fla. May 12, 2016) (unreported) (citing *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam)); *see also Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.");

#### 2. Analysis

In his Motion to Amend, Plaintiff requests leave due to "inadvertent omissions from the complaint," *see* (Doc. No. 104, at 2), as observed by Verizon, AOL, and TechCrunch in their motion to dismiss, *see* (Doc. No. 102, at 5 n.1) ("Although the paragraphs in the [Operative Complaint] are numbered 1 through 184, paragraphs 81 through 149 are

omitted."). Specifically, accordingly to Plaintiff, "item numbers[,] language[,]" and other "important things" were unintentionally omitted from his Operative Complaint. However, upon review, the Court cannot be sure what actually is missing from Plaintiff's Operative Complaint or exactly how he plans to alter it. Through unclear and contradictory prolix, Plaintiff seems to suggest that, while amending to "include language inadvertently included and omitted," the total number of pages will nonetheless "remain the same." *See* (Doc. No. 104, at 2). Plaintiff gives no further detail regarding his proposed amendments.

In any event, to the extent that Plaintiff wishes to correct inconsequential errors in page numbering, such an amendment would be inefficient and futile. *Bryant*, 252 F.3d at 1163 ("A district court need not . . . allow an amendment . . . where amendment would be futile."). On the other hand, to the extent Plaintiff wishes to substantively alter his Operative Complaint, this Court denies his request. Plaintiff "[is] not making progress toward an acceptable complaint," making further leave to amend unwarranted. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 819 (7th Cir. 2013). As noted above, Plaintiff has now had three opportunities to plead his federal and state law trademark infringement and unfair competition claims in this case. Further, Defendants moved to dismiss Plaintiff's previous two pleadings (i.e., his Original and Amended Complaints), meaning that, to this point, Plaintiff has had the benefit of *two sets* of prior briefings challenging his earlier efforts. And this Court, although it was not obligated to do so, (1) gave Plaintiff substantial insight into the deficiencies in his prior pleadings and (2) identified for Plaintiff free, local resources he could utilize to assist him in fashioning a viable complaint. Nevertheless, Plaintiff continues to rely almost exclusively on vague, jumbled, and conclusory allegations of wrongdoing, which he indiscriminately levels at all five Defendants in

violation of both the Federal Rules of Civil Procedure and the rule against "shogun pleadings." Therefore, the Court, as a general matter, proscribes any further opportunity to amend in this case. Regrettably, "in court, as in baseball, three strikes and you're out." *Bank of Am., N.A.*, 725 F.3d at 819; *see also Dismuke*, 2006 WL 166547, at *3 ("Although there is no magical number of amendments which are allowed, dismissal of a complaint that is before the court on a third attempt at proper pleading is generally not an abuse of discretion.").

### III.  Conclusion

In sum, Plaintiff's Operative Complaint is not only facially deficient, but his rambling and disjointed factual allegations simply do not give rise to viable claims for trademark infringement or unfair competition, nor do they establish that Defendants have violated the DMCA. The Court has already given Plaintiff two chances to perfect his pleading and declines the opportunity to grant another. This action is therefore dismissed with prejudice.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants', Verizon, AOL, and TechCrunch, Motion to Dismiss (Doc. No. 102) is **GRANTED**;

2. Defendants', SAP and Concur, Motion to Dismiss (Doc. No. 103) is **GRANTED**;

3. Plaintiff's Motion to Amend (Doc. No. 104) is **DENIED**;

4. Plaintiff's Motion for Case Management Conference Hearing In Person and Status Report (Doc. No. 110) is **DENIED AS MOOT**;

Case No.:  8:17-cv-419-EAK-TBM

5. Plaintiff's Motion for Leave to File Reply to Defendants' Oppositions (Doc. No. 119) is **DENIED AS MOOT**; and

6. The above-styled action is **DISMISSED WITH PREJUDICE**, and the Clerk is accordingly directed to permanently **CLOSE** this case and terminate all pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 26th day of January, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

15